# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ROBERT E. TIPPENS, JR.,       )
                                     )
       Petitioner,          )
v.                               )     Civil Action No. 3:17CV784–HEH
                                     )
HAROLD W. CLARKE,       )
                                     )
       Respondent.       )

## MEMORANDUM OPINION
### (Dismissing Action Without Prejudice)

Petitioner, a Virginia inmate proceeding *pro se*, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), a Motion for Leave to File a Motion for Injunctive Relief, a Motion for Three Judges, a Petition for a Writ of Habeas Corpus, a Petition for Writ of Mandamus, and a Complaint (ECF No. 2), and a Motion for Preliminary Injunction. (ECF No. 3.) In these submissions, it appeared that Petitioner complained about his conditions of confinement, not the fact or duration of his confinement. By Memorandum Order entered on December 5, 2017, the Court informed Petitioner that it would take no action on his current submissions, and denied his motions without prejudice. The Court also directed Petitioner to complete the form for a 42 U.S.C. § 1983 action and return the same to the Court within fifteen (15) days of the date of entry thereof. The Court warned Petitioner that a failure to complete the form and return the same to the Court within fifteen (15) days of the date of entry thereof would result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).

Petitioner failed to comply with the directives of the Court. By Memorandum Order entered on February 16, 2018, the Court again instructed Petitioner that he must complete and return a 42 U.S.C. § 1983 form to the Court if he wished to pursue this action.

Once again, instead of returning the standardized form, Petitioner submitted a Reply, seemingly indicating that he does not want to proceed by § 1983, but by habeas corpus, and that he does not intend to return the form. (Reply 2, ECF No. 12.) As explained previously, "the settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)).

Accordingly, by Memorandum Order entered on March 15, 2018, the Court afforded Petitioner a final opportunity to pursue this action. The Court directed Petitioner to complete the form for a 42 U.S.C. § 1983 action and return the same to the Court within fifteen (15) days of the date of entry hereof. The Court warned Petitioner that the failure to complete the form and return the same to the Court within fifteen (15) days of the date of entry hereof would result in the dismissal of the action. *See* Fed. R. Civ. P.

2

41(b). More than fifteen (15) days have elapsed and Petitioner has not completed and returned the § 1983 form. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 12, 2018
Richmond, Virginia